843 F.2d 168
 GENERAL ELECTRIC COMPANY, Plaintiff-Appellant,
v.
UNITED STATES of America; Andrew W. Klassett; Philip H.
Welty, Jr.; Thomas J. Vegella; Raymond Mullinix
and John Anthony Vilgos, Defendants-Appellees.
 No. 86-2041.
 United States Court of Appeals,
Fourth Circuit.
 April 5, 1988.
 
 Edward C. Mackie (Patrick G. Cullen, Rollins, Smalkin, Richards & Mackie, Baltimore, Md., on brief), for plaintiff-appellant.
 Richard K. Willard, Asst. Atty. Gen., Washington, D.C. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., John F. Cordes, Carlene V. McIntyre, Appellate Staff Attys., Dept. of Justice), Washington, D.C., for defendants-appellees.
 Before RUSSELL and HALL, Circuit Judges, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 On January 19, 1988, the Supreme Court granted certiorari but summarily disposed of this case by vacating the judgment and remanding to this Court for consideration in light of Westfall v. Erwin, 484 U.S. ----, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988). General Electric Co. v. United States, --- U.S. ----, 108 S.Ct. 743, 98 L.Ed.2d 756 (1988).
 
 
 2
 This case was originally brought under the Federal Tort Claims Act against the United States and certain federal officials alleging that defendant's negligence caused plaintiff's personal injuries.
 
 
 3
 On March 12, 1987, this Court affirmed the District Court's pretrial dismissal of this action. General Electric v. United States, 813 F.2d 1273 (4th Cir.1987). By order of February 21, 1985, the District Court had dismissed the United States because the applicable Maryland workers' compensation law provided immunity to the United States by virtue of its employer status in this litigation. On March 13, 1986, the District Court granted individual defendant's motion for summary judgment upon the ground that these federal officials were entitled to absolute immunity from the common-law torts alleged. This Court affirmed such immunity stating that "where no constitutional tort is alleged, the defendant official is absolutely immune from suits based on common-law torts, provided that alleged tort was an action within the outer perimeter of the officials' line of duty." General Electric, 813 F.2d at 1279. The Court then adopted the District Court finding that "the negligence alleged to have been committed by [the individual defendants] occurred within the scope of their employment." Id.
 
 
 4
 The Supreme Court, in Westfall, supra, held that "absolute immunity from state-law tort actions should be available only when the conduct of federal officials is within the scope of their official duties and is discretionary in nature." Id., 484 U.S. at ----, 108 S.Ct. at 584 (emphasis in original).
 
 
 5
 It is clear that Westfall is inconsistent with this Court's ruling in the instant case insofar as this Court held that the individual federal officials were entitled to absolute immunity from state-tort actions without regard to whether their conduct was "discretionary in nature." As such, Westfall overrules that portion of this Court's holding which affirms the District Court's ruling on the individual defendants' motion for summary judgment.
 
 
 6
 While the ruling in this case on the United States' motion for summary judgment was based solely on application of Maryland workers' compensation law, Westfall construed only the application of governmental immunity to federal officials and not the government itself and certainly did not address Maryland workers' compensation law in any way. Accordingly, the portion of this Court's decision regarding the dismissal of the United States is not affected by Westfall and is not thereby altered. The order of the District Court entered February 21, 1985 dismissing the United States as a defendant is REINSTATED and AFFIRMED.
 
 
 7
 In accordance with the foregoing, the order of the District Court entered March 13, 1986 granting summary judgment to the individual defendants is VACATED and this case REMANDED to the District Court for further proceedings.